**Electronically Filed
Intermediate Court of Appeals
30331
09-JUN-2011
08:16 AM**

NO. 30331

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KIM R. MASSEY, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 06-1-2105)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Leonard and Reifurth, JJ.)

Defendant-Appellant Kim R. Massey ("Massey") appeals
from the Judgment of Conviction and Sentence entered on
January 13, 2010 in the Circuit Court of the First Circuit[1]
("Circuit Court"). Massey was convicted of arson in the first
degree in violation of Hawaii Revised Statutes § 708-8251 (Supp.
2010). Massey was sentenced to incarceration for twenty years,
and ordered to pay restitution of $760 and a crime victim
compensation fee of $205.

On appeal, Massey contends that the Circuit Court erred
when it (1) denied his motion to dismiss under Rule 48 of the
Hawai'i Rules of Penal Procedure ("HRPP") without making
appropriate findings on the reocrd, (2) failed to apply the
proper factors in denying the motion to dismiss after a second
mistrial was declared, and (3) failed to declare a mistrial after
two of the State's witnesses violated the exclusionary rule. In
addition, Massey contends that he was (4) denied effective
assistance of counsel at trial, as evidenced by (a) counsel's
failure to present a witness to contest the State's expert fire

---

[1]    The Honorable Steven S. Alm presided.

witness regarding possible causes of the fire, (b) counsel's failure to object to hearsay evidence, and (c) counsel's failure to object to the cumulative nature and relevance of the State's expert fire witness.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we affirm the Judgment of Conviction and Sentence and resolve Massey's points of error as follows:

(1) It is reversible error for a trial court to deny a motion to dismiss under HRPP Rule 48[2/] ("Rule 48") without stating, on the record, the essential findings of fact that form the basis for denial of the motion, as required by HRPP Rule

---

[2/]    Rule 48.    Dismissal.

. . . .

(b) *By court*.  Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months [(180 days)]:

. . . .

(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

. . . .

(c) *Excluded periods*.  The following periods shall be excluded in computing the time for trial commencement:

. . . .

(4) periods that delay the commencement of trial and are caused  by  a continuance granted at the request of the prosecutor if:

(i) the continuance is granted because of the unavailability of evidence material to the prosecution's case, when the prosecutor has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at a later date[.]

Haw. R. Pen. P. 48(b)(3) and (c)(4)(i).

12(e) ("Rule 12(e)").[3/]  *State v. Hutch*, 75 Haw. 307, 329, 861 P.2d 11, 22 (1993).[4/]  Motions to dismiss under Rule 48(b), "by their very nature, involve factual issues that must be resolved before they can be decided."  *Id.* at 313, 861 P.2d at 15.  A written order is not required.  A court complies with HRPP Rule 12(e) by stating its essential findings orally on the record.  *State v. Estabillio*, 121 Hawai'i 261, 267, 218 P.3d 749, 755 (2009).

Massey contends that the Circuit Court failed to make "the required findings on the record concerning whether [Agent Marcus] was a material witness and whether [he] was unavailable." The Circuit Court concluded on the record, however, that Agent Marcus was unavailable during June, July, and August:

> [I]t's not uncommon to ask the attorneys to talk to their witnesses and see what the availability is.  That was done. Both folks are officers of the court.  I trust both people to do that.  And [the Deputy Prosecutor] did that and discovered, based on all of the commitments that are in there -- and whether it's the week of the 22nd or the week afterwards -- because picking a jury, calling witnesses, doing things is a difficult thing. . . . But -- and I think it's appropriate that we were able to supplement the record today.  And I think it justified what [the Deputy Prosecutor] had made a representation, and that the offer he gave was, *based on [Agent Marcus's] commitments and his duties at the office that he was unavailable during June, July, and August.  And I -- the Court, in looking carefully at that, comes to the same conclusion.*  And I think his testimony today verifies what [the Deputy Prosecutor] had pointed out regarding the timing for that.

(Emphasis added).  The Circuit Court also found "under Rule 48

---

[3/]  (e) *Ruling on motion*.  A motion made before trial shall be determined before trial unless the court orders that it be deferred for determination at the trial of the general issue or until after verdict; provided that a motion to suppress made before trial shall be determined before trial.  Where factual issues are involved in determining a motion, the court shall state its essential findings on the record.

Haw. R. Pen. P. 12(e).

[4/]  Although stating the underlying principle, Massey does not refer us to Rule 12(e), this case, or to any relevant support for his argument, contending only that the trial court failed to make "the appropriate findings."  Referring only to Rule 48, Massey urges us to apply "the rule to the fact" and to find an abuse of discretion in the trial court's failure "to make the required findings on the record concerning whether the witness was a material witness and whether the witness was unavailable."  Rule 48 itself incorporates no such requirement.  Massey's failure to support his argument with authorities is a pervasive problem throughout the opening brief.  Haw. R. App. P. 28(b)(7).

that Special Agent Marcus is a material witness[.]"[5/]   Massey
does not explain what he means by "appropriate findings," or what
he believes the law requires that the Circuit Court did not
provide.  We conclude, in any event, that the Circuit Court
"state[d] its essential findings on the record" with regard to

---

[5/]     The Circuit Court had previously found Agent Marcus to be a
material witness in response to Massey's Motion to Advance Trial and Demand
for a Speedy Trial, filed on May 12, 2009.  The court stated there that:

> THE COURT: . . . I will make a Rule 48 finding that
> [Agent Marcus is] a material witness. . . .
>
>         . . . .
>
> THE COURT: Wait.  But Mr. Massey -- I mean, we've all
> seen from the testimony that came out in the other trials
> that Mr. Marcus is the one who's done these experiments with
> the cigarettes, and I think it's common misinformation that
> the public has from watching every Hollywood move they've
> seen, that a cigarette can start a fire like this; and based
> on his own personal experience, based on his own
> experiments, he is going [to] be able to and has testified
> in the other trials that a cigarette is incapable of doing
> that.
>
> [Defense Counsel]: I understand that.
>
> THE COURT: And that was one of the things that came up
> with your client and the way he indicated he thought the
> fire must have started, is from a cigarette.
>
>         . . . .
>
> THE COURT: Okay.  And based on the fact that[] he's
> familiar with the case, he's the one that did these
> experiments, I am finding he's material. . . .
>
>         . . . .
>
> THE COURT: . . . Okay, over the Defense's objection, I
> am denying your Motion to Advance Trial and Demand for a
> Speed[y] Trial, [Defense Counsel], unless you and [the
> Deputy Prosecutor] can come together and think of something
> that I haven't thought of.  I do find that Mr. Marcus is a
> material witness.  I'm going to exclude all of that time for
> Rule 48 because of the particular nature of this case that I
> think it is so ingrained in the public's mind about the way
> fires are started or whether they actually can be started.
>
> He is the person who actually did these experiments
> and is able to testify to that, and I think it's going to
> take something like that to set aside people's firm beliefs
> that all sorts of things can start a fire.  And I think
> Hollywood is a big part of this, but I can tell you before
> this trial came along, I was certainly of that belief that a
> cigarette could start a gas fire this way, and it's a hard
> thing to cut through in people's minds on that.

Agent Marcus's unavailability and materiality.[6]

(2) The Circuit Court did not abuse its discretion in refusing to dismiss the case after the second mistrial. Massey contends that the Circuit Court did not address all of the analytical factors outlined in *State v. Moriwake*, 65 Haw. 47, 647 P.2d 705 (1982), and that "[t]herefore, this Court must conclude[] that in not addressing all of the *Moriwake* factors, the trial Court abused its discretion[.]" Massey does not explain, however, which of the *Moriwake* factors were not addressed, or direct us to any law or cases that require that a mistrial be declared if any one or more of the factors is not explicitly addressed.

Although the Hawai'i Supreme Court stated that "in most cases, serious consideration be given to dismissing an indictment with prejudice after a second hung jury mistrial," the court also said that, when reviewing whether a trial court's decision was correct in this context, appellate courts will "accord deference to the conclusion of the trial court[.]" *Id.* at 57, 647 P.2d at 713.

In this case, the Circuit Court appeared to give serious consideration to dismissing the indictment, and stated explicitly that it considered the *Moriwake* factors before denying Massey's motion to dismiss. The fact that it discussed four of the factors does not mean that it did not consider the fifth and sixth factors. We decline to extend *Moriwake* to require that the Circuit Court's consideration of each factor must be explicit. In light of the discretion that we are bound to accord the Circuit Court's decision, we find nothing to suggest that the Circuit Court exceeded the bounds of reason or abused its discretion. Therefore, the Circuit Court did not err in denying Massey's motion to dismiss the indictment.

---

[6] The Circuit Court went further and addressed the reasonableness of its own unavailability during the month of September, time during which Massey's own counsel was unavailable, the fact that Massey had been released on bail, the State's due diligence in determining Agent Marcus's availability, and its ultimate conclusion that Rule 48 had been complied with. Whether the Circuit Court was correct in concluding that Agent Marcus was unavailable and material, and whether Massey was brought to trial within 180 unexcludable days, however, are not raised on appeal and we do not consider the sufficiency of these other findings.

(3) The Circuit Court did not err in refusing to declare a mistrial because the court's witness exclusion order was violated. Massey argues that the Circuit Court erred in refusing to declare a mistrial when it became known that the complaining witness ("CW") and her daughter spoke by telephone after the daughter had testified, and before the CW testified. Massey further argues that "the appropriate remedy is for the Court to declare a mistrial."

Mistrial is not the ordinary remedy for noncompliance with a sequestration order:

> The general rule is that noncompliance with a sequestration order under [Hawaii Rules of Evidence] Rule 615 does not require a new trial "unless the court's decision to allow the allegedly tainted testimony was an abuse of discretion or resulted in prejudice to the defendant." *United States v. Prichard*, 781 F.2d 179, 183 (10th Cir. 1986). The defendant has the burden of proving that "there was either prejudice or an abuse of discretion." *Id.*

*State v. Elmaleh*, 7 Haw. App. 488, 493-94, 782 P.2d 886, 890 (1989). Massey proves neither prejudice nor abuse of discretion, and offers no authorities and no argument in support of his contention that mistrial is the appropriate remedy. As a result, the Circuit Court did not abuse its discretion.

(4) To prove ineffective assistance of counsel, defendant has the burden to show "[first,] that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence[,] and [second,] that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense." *State v. Wakisaka*, 102 Hawaiʻi 504, 514, 78 P.3d 317, 327 (2003) (quoting *State v. Aplaca*, 74 Haw. 54, 66-67, 837 P.2d 1298, 1305 (1992)).

(a) Claims that trial counsel was ineffective for failing to call a witness "must be supported by affidavits or sworn statements describing the testimony of the proffered witnesses." *State v. Richie*, 88 Hawaiʻi 19, 39, 960 P.2d 1227, 1247 (1998). Massey offers no affidavits or sworn statements. As such, his claim "amounts to nothing more than speculation[.]" *State v. Reed*, 77 Hawaiʻi 72, 84, 881 P.2d 1218, 1230 (1994) (citing *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir.

1991)).

Massey contends that his trial counsel should have called an expert to support his contention that the fire was started by CW's cigarette. Notably, however, Massey does not claim that an expert with such an opinion was available. Without more, the claim is speculative and is not enough to find ineffective assistance of counsel.

(b) Massey offers three examples of what he contends were "numerous instances of hearsay evidence" to which his trial counsel did not object, and as a result of which he claims ineffective assistance of counsel.[7]

It is not apparent that hearsay objections in the proffered examples would have been successful as the statements were not being offered to prove the truth of the matter asserted, but to explain how Honolulu Fire Department Investigator Scott Seguirant conducted his investigation. In addition, the Circuit Court gave a limiting instruction that was sufficient to inform the jury that the statements of others, related by Investigator Seguirant, were not to be taken as true.[8]

Finally, even if those portions of Investigator Seguirant's testimony should have been excluded, and even if the Circuit Court's limiting instruction was deemed insufficient,

---

[7]     Massey offers no legal authorities in support of his argument. Haw. R. App. P. 28(b)(7) (an Appellant's opening brief shall include "[t]he argument, containing the contentions of the appellant on the points presented and the reasons therefor, *with citations to the authorities, statutes and parts of the record relied on.*" (emphasis added)).

[8]     Massey's counsel objected on the basis of hearsay to a question, asking what Investigator Seguirant learned from another occupant of the building during his investigation. In addition to the objection, counsel requested that the court issue a limiting instruction. The Circuit Court allowed the question, but informed the jury as follows:

> [O]ften when people say stuff outside of court, another witness referring to it, that's hearsay and may be excluded unless there's an exception. I am going to allow [Investigator Seguirant] to relate what this person told him not that it's necessarily true or not, it's not being offered to that, it's to explain what he did subsequent to that. If that witness is here, she can testify to it, but him relating it is what allowed him to function afterwards - - and what he did afterwards. That's what a limiting instruction . . . what [Defense Counsel] is referring to. Okay.

Massey failed to demonstrate that the introduction of these particular statements resulted in the withdrawal or substantial impairment of a potentially meritorious defense. Since the instances that Massey offers involve the out of court statements of two other witnesses, each of whom testified at the trial and were subject there to cross-examination, and one of those witnesses testified after Investigator Seguirant and could therefore have conveniently been examined on the statement, we can not discern the withdrawal or substantial impairment of a potentially meritorious defense.

Under the circumstances, counsel's failure to object to the identified hearsay included in Investigator Seguirant's testimony did not amount to ineffective assistance of counsel.

(c) Trial counsel was not ineffective because she failed to object to the relevance or cumulative nature of the State's expert fire witness testimony.[9] Massey does not explain how or where in the record the testimony is cumulative, or how counsel's alleged failure to object to that testimony[10] amounted to the withdrawal or substantial impairment of a potentially meritorious defense. As a result, we deem that point to have been waived. Haw. R. App. P. 28(b)(7).

Massey's contention that Investigator Seguirant's testimony was largely irrelevant is based on the premise that the point of Investigator Seguirant's testimony was to prove that "gasoline or a derivative was involved in creating the fire." That premise is incorrect. Investigator Seguirant testified that

---

[9]  Massey contends that:

> The point the government sought to make through Seguirant's testimony is that gasoline or a derivative was involved in creating the fire. This was the entire point of Seguirant's testimony. Instead of objecting to testimony by Seguirant not relevant to this central issue, Defense Counsel allowed the government through Seigurant to talk about irrelevant stuff for almost two days. Over the two days, Seguirant discussed at length photos he took of the exterior and interior of the home. Except for photos showing the area that caught fire, everything else presented by the government via this witness was irrelevant or cumulative.

[10]  In fact, Massey's counsel objected to "the cumulative nature of the presentation" during Investigator Seguirant's testimony. The objection was overruled. Counsel also unsuccessfully objected on the basis of relevance.

the fire investigator's job was to determine the cause of the fire. To accomplish that objective, Investigator Seguirant described how he interviewed witnesses and collected information on his way to forming an opinion. Massey points to no specific testimony which he believes to have been irrelevant, nor do we determine any.

In sum, Massey fails to demonstrate that his trial counsel's failure to object to Agent Marcus or Investigator Seguirant's alleged irrelevant testimony reflected "counsel's lack of skill, judgment or diligence" or resulted in the "withdrawal or substantial impairment of a potentially meritorious defense." *State v. Antone*, 62 Haw. 346, 348-49, 615 P.2d 101, 104 (1980).

Therefore,

IT IS HEREBY ORDERED THAT the January 13, 2010 Judgment of Conviction and Sentence of the Circuit Court of the First circuit is affirmed.

DATED: Honolulu, Hawai'i, June 9, 2011.

On the briefs:

Barry L. Sooalo,
for Defendant-Appellant.


Brian R. Vincent,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge